# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SAHARI GUADALUPE LOPEZ, | No. 2:26-cv-00270-BFM |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND (ECF 9)** |
| v. | |
| CVS PHARMACY, INC., et al., | |
| Defendants. | |

Plaintiff moved to remand this case to state court. (ECF 9.) The Court finds the matter suitable for decision without argument. *See* C.D. Cal. Local Rule 7-15. For the reasons stated below, the Motion is denied.

## I.    Background

Plaintiff filed a complaint in the Los Angeles County Superior Court in June 2025 alleging negligence and premises liability. (ECF 1-1 (Declaration of Ji Hong) Ex. A (LACSC summons and complaint, filed June 12, 2025 ("Compl.")).) Relevant here, the Complaint alleges that Plaintiff "was a resident of Glendale, California" during the relevant period. (Compl. at 8.)

Defendant was served with the Complaint on October 7, 2025 (Hong Decl. Ex. A at 5), and Defendant filed an Answer later that month (Hong Decl. Ex. B). Along with its Answer, Defendant served interrogatories. Special Interrogatory No. 28 asked Plaintiff to identify "the sole ADDRESS that is your true, fixed, principal establishment which you intend to return to whenever you are absent therefrom." (Hong Decl. Ex. E.) Plaintiff served her responses on December 8, 2025, listing an Anaheim, California address as a response to Special Interrogatory No. 28. (Hong Decl. Ex. F at 77.)

Defendant filed a Notice of Removal on January 6, 2026. (ECF 1.) Plaintiff moved to remand the case back to LACSC on February 5, 2026 (ECF 9), which Defendant opposed (ECF 10). The time for Plaintiff to file a Reply has passed, and the matter is therefore deemed fully briefed and ready for decision.

## II.    Legal Standard

In general, "defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Id.*

Federal courts have jurisdiction over two categories of cases: cases that arise under federal law, 28 U.S.C. § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332(a). The two bases for jurisdiction serve distinct purposes: "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019).

The procedure for removing a case to federal court is set out in 28 U.S.C. § 1446. Under § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In other words, Section 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). The first thirty-day removal period is triggered "'if the case stated by the initial pleading is removable on its face.'" *Id*. (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). The second thirty-day removal period is triggered "if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id*. (internal quotation marks omitted).

Removability under § 1446(b) "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. A "defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). At the same time, "neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." *Id*.

Apart from those two thirty-day removal deadlines under § 1446(b), a defendant may remove a case "when it discovers, based on its own investigation, that a case is removable," so long as it does so within a year of the

3

commencement of the action. *Roth*, 720 F.3d at 1123 (noting that "the two periods specified in § 1446(b)(1) and (b)(3) operate as limitations on the right to removal rather than as authorizations to remove"); *Iniquez v. Ford Motor Co.*, No. 2:25-cv-00055-SK. 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) (citing 28 U.S.C. § 1446(c)(1)). This third scenario "presupposes that the defendant has not 'run afoul' of either 30-day deadline but has still discovered the basis for removal within one year from the start of the case." *Id.* (citing *Roth*, 720 F.3d at 1125).

If a notice of removal is untimely under these rules, a plaintiff may move to remand the case back to state court. *Carvalho*, 629 F.3d at 885.

## III. Discussion

### A. Timeliness of Removal

Plaintiff argues that the Complaint provided Defendant all the information it needed to remove the case, and that Defendant therefore should have filed a notice of removal within thirty days of being served with the Complaint. (Mot. at 6-8.) Because Defendant did not do so, Plaintiff argues that the Motion is untimely. The Court disagrees.

Diversity jurisdiction depends on citizenship. The Complaint, however, only alleged that Plaintiff "was" a "resident of Glendale, California." (Compl. at 8.) Residency alone, without evidence of "an intention to make a certain definite place one's permanent abode," does not equate to citizenship for the purposes of diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citation omitted); *see also Crisp-Stoot v. Wal-Mart Stores, Inc.*, No. CV 18-10694 PSG (PJWx), 2019 WL 1307735, at *3-4 (C.D. Cal. Mar. 22, 2019) (finding allegations of California residency insufficient to establish citizenship for removal based on diversity of citizenship). As such, Defendant could not reasonably ascertain the basis of removal from the Complaint's allegation that Plaintiff was a California "resident."

4

Rather, it was not until later that it became "unequivocally clear and certain" that Plaintiff's citizenship was in California. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021) ("[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain to trigger § 1446(b)(3)'s 30-day deadline.") (internal citation and quotation marks omitted). Specifically, on December 8, 2025, Defendant received Plaintiff's responses to its special interrogatories, indicating that her Anaheim, California address was her "true, fixed, principal establishment" where she intended to permanently reside. (Hong Decl. Ex. F at 77.)[1] At that point, the removal clock began running and Defendant had 30 days from December 8, 2025, to remove the case to federal court. Defendant did so, filing the notice of removal on January 6, 2026. (ECF 1.) Thus, removal was thus timely under 28 U.S.C. § 1446. *See Vasquez v. McLane Foodservice, Inc.*, No. CV 21-9952-MWF (KSx), 2022 WL 705336, at *2 (C.D. Cal. Mar. 8, 2022) (finding removal was timely when defendant's notice of removal was filed ten days after receipt of plaintiff's discovery responses that contained the unequivocal ground for removal).

### B.   Diversity Jurisdiction

While Plaintiff challenges the timeliness of the Motion, Plaintiff does not contest that, if the removal was timely, the case is appropriately heard in federal court. Plaintiff is a citizen of California. (Hong Decl. Ex. F at 77.) Defendant is an LLC, the sole member of which is CVS Pharmacy, Inc., a corporation with its principal place of business in Rhode Island. (Hong Decl. Ex. C at 42.) *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC is a citizen of every state of which its owners/members are

---

[1] Defendant argues that Plaintiff's discovery response was even more critical to determining her citizenship, given that the Complaint only alleged that she *was* a resident of Glendale, California at the time of the alleged incident. (*See* Compl. at 8.) While this fact tips in Defendant's favor, the result would be the same without it.

citizens). Plaintiff alleges special damages of more than one million dollars. (Hong Decl. Ex. F at 86.) Diversity jurisdiction is therefore appropriate.

### C.    Requests for Fees

Because the Court has concluded removal was timely and appropriate, Plaintiff's request for costs and attorney's fees under 28 U.S.C. § 1447(c) is denied.

## IV.    Conclusion

For the foregoing reasons, the Court finds that Defendant has met its burden for removal. Accordingly, Plaintiff's Motion to Remand is **denied**.

DATED: April 3, 2026

_____

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

6